IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,

        v.

AHJALIK S. DAVIS,

        Defendant.

:    I.D. No. 1702000792
:
:
:
:
:
:
:

Submitted: July 22, 2019
Decided: July 24, 2019

**ORDER**

Defendant's Motion for Relief from Sex Offender Designation
*Denied.*

Kevin B. Smith, Esquire of the Department of Justice, Dover, Delaware; attorney for the State.

Kathleen K. Amalfitano, Esquire of the Office of the Public Defender, Dover, Delaware; attorney for Defendant.

WITHAM, R.J.

Presently before the Court is Ahjalik Davis (hereinafter "Petitioner") and his Motion for Relief from Sex Offender Designation. The Petitioner moves to be relieved from sex offender designation that stemmed from his conviction in this Court on one count of Unlawful Sexual Contact in the Third Degree, pursuant to 11 *Del. C.* §§ 4120 and 4121.

After considering the Petitioner's motion and the arguments of the parties at the hearing, it appears to the Court that:

1. On November 6, 2017, the Petitioner pled guilty to one count of Unlawful Sexual Contact in the Third Degree, a misdemeanor, in violation of 11 *Del. C.* § 767. This is a Tier I designated offense pursuant to 11 *Del. C.* § 4121(d)(3). The victim in the case was not a child under thirteen years of age.

2. On February 14, 2018, the Petitioner was sentenced to one year supervision at Level V, which was suspended for one year supervision at Level III.[1] As a result of his conviction, he was further required to be designated as a Tier 1 sex offender.[2]

3. The Petitioner filed his motion on February 7, 2018 and moved to be relieved from the sex offender designation. The State did not submit a formal reply in opposition, but submitted its opposition to the Petitioner's motion at the hearing held on July 22, 2019.[3]

---

[1] *See* Sentence Order, *State v. Davis*, ID K1702000792 (Del. Super. Feb. 14, 2018).

[2] 11 *Del. C.* § 4121(a)(4)(a) defines sex offender to include any person who is, or has been, convicted after June 27, 1994, of any of the offenses specified in §§ 765 through 780, § 1100, §§ 1108 through 1112A, § 1352(2) or § 1353(2) of this title, or of any attempt to commit any of the aforementioned offenses.

[3] The Court acknowledges that this motion has taken an unusually long period of time to be heard, and feels that an explanation is warranted. The Petitioner's motion was initially scheduled to

4. On October 9, 2018, subsequent to filing his motion for relief, the Petitioner was found in violation of probation due to positive urinalyses for marijuana and non-compliance with the Court's order to complete a Sexual Disorders Counseling Treatment Program.[4] The Petitioner had also failed to find employment or attend school.

5. The Petitioner reentered the Sexual Disorders Treatment Program subsequent his violation of probation. On May 1, 2019, however, he was once again discharged unsuccessfully and reported for this, as well as other probation violations including failure to appear at the probation office every Monday and violating curfew.[5]

6. The Petitioner asserts that relief from sex offender designation is warranted as he has complied with statutory requirements pursuant to 11 *Del. C.* § 4121(d)(6). In support, he contends:

---

be heard at his sentencing on February 14, 2018, but was continued to August 24, 2018. Before that date, the Petitioner requested a continuance so that he could complete a sex offender treatment program. The estimated time of completion was five months. As there was no objection from the State, the Court granted the continuance request and rescheduled the hearing for February 22, 2019. Three days before the hearing, on February 19, 2019, the Petitioner again requested a continuance that was unopposed by the State in order to allow Dr. Jeffrey Summerton, who holds a doctorate in Clinical Psychology, to complete a second evaluation with the Petitioner and finalize the report. The Court, finding that any additional information regarding the Petitioner would be relevant, coupled with no opposition from the State, granted the continuance request and rescheduled the hearing again for April 26, 2019. Then, the State reassigned the case to current counsel due to manning issues beyond its control, for which another continuance was granted until May 10, 2019. Finally, the Court granted yet another continuance request due to scheduling conflicts in the Attorney General's office. As stated above, the motion was heard on July 22, 2019.

[4] The Petitioner was discharged unsuccessfully on August 22, 2018.

[5] A hearing for these alleged violations is pending the Court's decision regarding the present matter.

(1) The victim was not a child under thirteen years of age;

(2) Unlawful Sexual Contact in the Third Degree is a misdemeanor, under Title 11;

(3) He has not previously been convicted of a violent felony, or any offense pursuant to 11 *Del. C.* § 4121(a)(4); and

(4) He does not pose a threat to public safety.[6]

7. The State contends that the Petitioner has not met his burden to demonstrate that he is not a threat to public safety by the preponderance of the evidence.

8. In Delaware, after an individual is convicted of or adjudicated delinquent for any offense enumerated in section 4121, the trial court must conduct a hearing where the trial judge is required to designate the defendant as a sex offender.[7]

9. However, there is one exception to the mandatory designation requirement that allows sex offenders convicted of misdemeanors to petition the sentencing court for relief from designation. Notwithstanding any provision in this section or in § 4120 ..., any person who would otherwise be designated as a sex offender ... may petition the sentencing court for relief from such designation, and from all obligations imposed by this section and § 4120 of this Title if: (1) The Tier II or Tier III offense for which the person was convicted was a misdemeanor and the victim was not a child under 13 years of age; (2) The person has not previously been convicted of a

---

[6] Pet. Mot. at ¶¶ 2-5; *see also* Pet. Ex. A (Summerton, J, Psychological Evaluation of Ahjalik Davis, January 18, 2018).

[7] 11 *Del. C.* § 4121(a) defines sex offender to include any person who is, or has been convicted after June 27, 1994, of any of the offenses specified in §§ 765 through 780, § 1100, §§ 1108 through 1112A, § 1352(2) or § 1353(2) of this title, or of any attempt to commit any of the aforementioned offenses.

violent felony, or any other offense set forth in paragraph (a)(4) of this section ...; and (3) The sentencing court determines by a preponderance of the evidence that such a person is not likely to pose a threat to public safety if released from the obligations imposed by this section, and by § 4120 of this Title.[8] After considering the Petitioner's motion and applying section 4121(d)(6) to the facts specific to him, the Court does not agree with the Petitioner that he has met his burden of proof.

10. To begin, the Petitioner is clearly in compliance with section 4121(d)(6)(a)-(b). First, he was convicted of a misdemeanor offense and the victim in this case was not under 13 years of age. Second, it is also clear that the Petitioner has not been convicted of a violent felony, in Delaware or otherwise, or any other enumerated offense pursuant to section 4121(a)(4).[9]

11. However, the Court finds the Petitioner has not met his burden to show, by the preponderance of the evidence, that he would not be a threat to public safety if relieved of the designation requirement. First, the Court notes that not even eight months after being placed on Probation, the Petitioner was found in violation of probation for noncompliance with the terms and conditions of his probation including, among other violations, his failure to complete the required treatment program. This violation is noteworthy for two reasons. One, successful completion of the treatment program would demonstrate the Petitioner's seriousness in his attempts to better himself and two, it would further show the Court that the Petitioner has learned new and valuable skills to mitigate any chances of recidivism on his part.

---

[8] 11 *Del. C.* § 4121(d)(6)(a)-(c).
[9] *Id.* at § 4121(a)(4).

However, the Petitioner's failure to complete the program, nearly a year and half after he was convicted, does not speak well for the Petitioner and his dedication to recovery.[10]

12. And while it is notable, as Dr. Summerton testified, that the Petitioner has stopped using illegal drugs and showed remorse for his past actions during his psychological evaluation, the Court finds it troubling that the Petitioner does not appear remorseful enough to feel it necessary to comply with the requirements placed upon him by this Court and Department of Probation. The Petitioner's actions, or the lack thereof in this case, further demonstrates to the Court that he does not take his conviction, nor recovery, seriously and forces it to question whether or not he should be granted exception from sex offender designation.[11]

13. At the hearing, the Petitioner offered Dr. Summerton as an expert witness to discuss the findings of his evaluation and to opine that the Petitioner would not be a threat to the public if relieved of designation and registration. However, after considering his testimony and reports, the Court finds that Dr. Summerton does not sufficiently explain the basis for his opinion that the Petitioner is not a danger to

---

[10] The Court did not take the pending violation of probation matters into consideration because the matter is still pending.

[11] At the hearing, the Petitioner raised an issue regarding the lack of transportation as at least part of the reason why he has been unable to fulfill his reporting requirements and attendance at the treatment. However, a representative from the Department of Probation, who testified on behalf of the State, testified that the Petitioner has been informed that public transportation is available that would drop him off at the probation office. Despite the Petitioner's possible inference that he may not be able to afford the cost of public transit, he has not demonstrated, nor explicitly stated that he is unable to avail himself to that option. Thus, the Court can find no sufficient reason why the Petitioner is not in full compliance with his reporting obligations to probation and the Court.

public safety.[12]

14.   For example, in Dr. Summerton's January 18, 2018 psychological evaluation of the Petitioner, he utilized PROFESOR[13] and identified eight risk factors, ten neutral factors, and two protective factors. Dr. Summerton further wrote that the pattern of Petitioner's scores during the evaluation placed him in the middle of Category 3 - or "Predominantly Neutral."[14] However, this fails to fully explain how or why the Petitioner would not be a danger to public safety if relieved of the designation and furthermore Dr. Summerton himself states in his March 6, 2019 evaluation that PROFESOR "is not intended to predict risk for sexual re-offense."[15] The same can be said for Dr. Summerton's March 6, 2019 evaluation, where in addition to administering PROFESOR, he also administered the Minnesota Multiphasic Personality Inventory. As in the January 18, 2018 evaluation, the Court still does not have a sufficient explanation from Dr. Summerton regarding the Petitioner

---

[12] During the hearing, the State offered as evidentiary exhibits, two reports that Dr. Summerton utilized that were completed by members of Connections. The Petitioner objected on the grounds that the authors of the report, nor any member of Connections, were present at the hearing to be questioned regarding the findings of those reports. The Court reserved its decision on their admissibility at the hearing, but now finds that those reports are not proper for admittance as evidentiary exhibits, and thus, it did not consider them in its decision.

[13] *See* Pet. Ex. A at 6 (Protective + Risk Observations for Eliminating Sexual Offense Recidivism (PROFESOR) was an evaluation procedure utilized by Dr. Summerton during the Petitioner's first evaluation. PROFESOR is a structured checklist used to assist professionals in identifying and summarizing protective and risk factors for individuals between the ages of 12 and 25 who have offended sexually, with data from the most recent two-month period being considered. The primary purpose of the PROFESOR is to aide in identifying what treatment options might be most appropriate in order to assist in eliminating sexual recidivism).

[14] *See Id.* at 7.

[15] *See* Summerton, J., Psychological Evaluation of Ahjalik Davis, March 6, 2019.

as a possible threat, or non-threat, to the public at large.

15.     The Petitioner has the burden to show, by the preponderance of the evidence, that he would not be a threat to public safety if released from sex offender designation.[16] Under the circumstances, it does not appear that the Petitioner has met his burden. Therefore, and for the reasons mentioned above, the Petitioner's Motion for Relief from Sex Offender Designation is hereby **DENIED**.

IT IS SO ORDERED.

Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:     Prothonotary
cc:     Kevin B. Smith, Esquire
        Kathleen K. Amalfitano, Esquire

---

[16] *See* 11 *Del. C.* § 4121(d)(6)(c).